**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4996**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GEORGE CORNELIUS DAY, a/k/a Corn,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Walter D. Kelley, Jr., District Judge.  (1:05-cr-00460-WDK)

---

Submitted:  February 29, 2008  Decided:  March 12, 2008

---

Before WILKINSON, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, LeDora Knight, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Cornelius Day appeals from his convictions for conspiracy to distribute cocaine base, conspiracy to launder money, and seven counts of money laundering. On appeal, he challenges the admission of his prior conviction for possession with intent to distribute cocaine. We affirm.

Day contends that he was denied the right to a fair trial when the court admitted evidence of his prior conviction under Fed. R. Evid. 404(b). Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95.

Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403 if the evidence is (1) relevant to an issue other than the general character of the defendant, (2) necessary, and (3) reliable, and if the probative value of the evidence is not substantially outweighed by it prejudicial effect. Queen, 132 F.3d

at 997.  A limiting jury instruction explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce evidence of prior acts provide additional protection to defendants.  See id.

The prior conviction for possession with intent to distribute cocaine involved charges that Day and his wife were stopped by police officers and cocaine was found in their car. These charges are similar to one of the charges in the instant case that Day and his wife transported (and caused to be transported) drugs for distribution.  See id. at 997 ("[T]he more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.").  Thus, the evidence was relevant to Day's intent and the absence of a mistake. In addition, the evidence was necessary to corroborate other testimony that had been challenged on credibility grounds, and to provide additional objective evidence that Day intended to join the charged conspiracy with the intent to distribute cocaine.

Moreover, the admission of the conviction was not excessively prejudicial because the conviction involved the same type of drug and the conduct occurred in relatively the same time period as the offenses charged in the indictment.  See United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (holding there is no unfair prejudice when the prior act is no more sensational or disturbing than the evidence admitted directly supporting the

crimes with which the defendant was charged).  Further, the Government gave advance notice of its intent to seek admission of the conviction, and the district court conducted a balancing analysis under Rule 403.  After ruling that the evidence was admissible, the court gave a limiting instruction both when the evidence was admitted and at the close of evidence.  Thus, any danger of unfair prejudice to Day was minimized.[*]  See Queen, 132 F.3d at 997.  Because the court properly considered and applied the appropriate evidentiary standards, we conclude that the district court did not abuse its discretion in admitting the prior conviction.

Accordingly, we affirm Day's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Moreover, it is clear that the jury listened to and abided by the court's instructions.  Although Day's wife's conviction was also admitted at trial, she was acquitted of all charges.